WATERMAN *v.* MACKENZIE and another.

*(Circuit Court, S. D. New York.* December 22, 1886.)

PATENTS FOR INVENTIONS—SUIT FOR INFRINGEMENT—TITLE OF COMPLAINANT—
ASSIGNMENT—LICENSE.
    February 13, 1884, A., the owner of a patent, assigned it to B. November 20, 1884, B. granted to A. a license to manufacture and sell the patented article. November 25, 1884, B. assigned the patent to C., who assigned to D. April 16, 1886, B. assigned to A. all her right, title, and interest in and to the patent. April 24, 1886, A. filed a bill against E. to restrain him from infringing the patent; the assignment to C., which was made to secure payment of a joint note executed by B. and A., being still in full force. *Held,* that A. had not the legal title to the patent, and could not maintain the suit.

In Equity. Suit for infringement.

The bill, based upon letters patent No. 293,545, was filed April 24, 1886. In July, 1886, the defendants filed a plea, alleging that the complainant, when he commenced the action, did not hold the legal title to the patent. Issue was joined on the plea. It appears from the record that on the thirteenth of February, 1884, the complainant assigned the patent to Sarah E. Waterman. On the twentieth of November, 1884, Sarah E. Waterman granted to the complainant a license to manufacture and sell the patented article. On the twenty-fifth of November, 1884, she assigned the patent to Asa L. Shipman's Sons, and on the same day they transferred it to Asa L. Shipman. On the sixteenth of April, 1886, Sarah E. Waterman assigned to the complainant all her right, title, and

interest in and to the patent. The assignment to Asa L. Shipman's Sons contains the following language:

"I hereby sell, assign, transfer, and set over unto the said Asa L. Shipman's Sons, their successors and assigns, all the right, title, and interest, claim or demand, of any character or description, legal or equitable, which I have, in, to, under, or by virtue of the said invention, and in, to, under, or by virtue of the letters patent therefor aforesaid, the same being the entire interest in said letters patent."

It then recites that complainant and Sarah E. Waterman have made a joint note for $6,500, payable in three years, and provides as follows:

"If the said Lewis E. Waterman and myself, or either of us, shall well and truly pay the said note according to its tenor, then this assignment and transfer shall be null and void; otherwise to be and to remain in full force and effect."

*Walter S. Logan,* for complainant.
*Philip J. O'Reilly,* for defendants.

COXE, J. I have carefully examined the additional suggestions sent me by counsel, and see no reason to change the opinion expressed at the argument. To what was then said but a word need be added. The transfer to Asa L. Shipman is in language so emphatic and exact that there is little opportunity for misapprehension. It matters not what the instrument is called. It matters not that it may be defeated by the payment of $6,500 on the twenty-fifth of November, 1887. The fact remains that, by virtue of this assignment or mortgage, the title to the patent was, on the twenty-fourth of April, 1886, when this action was commenced, outstanding in Asa L. Shipman. If it was not absolute, it was a present, existing title, defeasible upon a condition subsequent. On the sixteenth of April, therefore, when Sarah E. Waterman assigned all her right, title, and interest to the complainant, she had nothing to assign which could at all change the legal *status* of the parties. She could not vest a clear title to the patent in the complainant, for the obvious reason that she had previously disposed of it, and did not own it. The agreement of the twentieth of November, 1884, being a license, and nothing more, does not enable the complainant to maintain this action without joining the holder of the legal title. The suggestion that, irrespective of the Shipman assignment, the complainant is entitled to prosecute for infringements alleged to have occurred between February 12 and November 25, 1884, is equally unavailing; for, assuming such a right of action to exist, it could only be maintained on the law, and not in the equity, side of the court.

The plea is allowed. The complainant may amend upon payment of costs within 10 days.